D. DORMAN & BRO. v. R. C. GREEN ET AL.

(No. 7009.)

APPEAL from McLennan County.   Opinion by DAVIDSON, J.

BAKER & PRENDERGRAST, counsel for appellants.

W. S. KINCHELOE, counsel for appellees.

§ 322. *Lien of keeper of livery-stable; does not attach to animal placed there without the knowledge or consent of its owner.* This cause was at the Austin term, 1891, of this court affirmed without written opinion. On motion of appellants, the judgment of affirmance was at the same term set aside, a rehearing granted, and the case is now before us on its merits as presented by the record.

It appears that on July 3, 1888, appellants purchased from one Moran a paint mare, which is the subject-matter of this litigation. Appellants paid for the animal, and received from Moran a bill of sale to her. Appellants having no suitable place in which to keep the animal, employed Moran, whom it seems had a pasture in the country near by, to care for and pasture her for the sum of one dollar per month. Some two months after this transaction, Moran, without the knowledge or consent of appellants, brought the animal from the pasture in the country to the city of Waco, and placed her in the livery and feed stable of appellees, and left her there to be fed and cared for. Some weeks after this Moran died, and appellants immediately upon hearing of his death went to the pasture for the purpose of looking after their animal. On arriving they were informed for the first time that the mare was not there but in the livery-stable of appellees, to which place appellants immediately went, claimed the animal and demanded possession of the same, which appellees refused, claiming a lien upon the animal for its feed bill. Appellants brought this suit

to try the right of property to the animal and for damages for the reasonable use and hire of the same. It appears that the widow of said Moran intervened in the cause and claimed the property as her own, alleging the value of the same to be $200.

On the trial of the cause in the court below, judgment was rendered decreeing title in appellants to the animal and against appellants in favor of appellees for the amount claimed by the latter for the feed and care of the animal, and adjudging a lien upon the same in appellees' favor; and further, that in the event the animal on sale did not bring a sum sufficient to satisfy the claim of appellees, that execution run in their favor against appellants for any residue. No disposition of the rights and claims of the intervenor, Mrs. Moran, seems to have been made by the judgment. From this judgment appellants prosecute this appeal and assign as error the action of the court in rendering judgment in favor of appellees against appellants after decreeing the title to the animal to be in appellants.

In no event could appellants be responsible to appellees for any sum greater than the value of the animal, and the judgment in this respect is erroneous. The question then recurs, can, under the facts of this case, the animal be held and made liable to appellees' claim for feed and care under the statutory lien given in favor of feed and livery-stable keepers? We think not. This is not a question of notice, but a matter of property right in which the doctrine of *caveat emptor* applies. In order for the statutory lien to attach, it is necessary that the animal be placed with the livery-keeper by its owner or some one having authority from him. [Stott v. Scott, 68 Tex. 305.]

The facts of this case show beyond question that appellants never authorized the placing of their animal in the stable of appellees, and that the only authority Moran had over the animal was simply that of a mere

bailee to care for and pasture the animal in a particular place agreed upon between himself and appellants for a stipulated price per month. Therefore the placing of the animal in the stable by said Moran was not binding upon appellants, nor did it render either the appellants or the animal liable for the care and attention of the same. To hold otherwise would render it exceedingly dangerous and hazardous for owners to part with their property, no matter what the object or purpose of the change of possession. Under a contrary rule, the mere borrower of an animal could go away and dispose of the animal or mortgage the same and thus deprive the owner, without any fault on his part, of not only the possession but the use and value of the same. While possession is *prima facie* evidence of ownership, yet it is always subject to explanation, and one who acts upon the same as the sole *indicia* does so at his peril. No one can convey a greater title than he himself has; and where the real owner has been at no fault and committed no act which would operate in estoppel, one buying his property from another, relying upon possession entirely for title, secures none against the owner.

Under the facts in this case as disclosed by the record, appellants should have recovered judgment in the court below for the animal and for the reasonable use of the same after demand upon appellees and their refusal to deliver, and for costs.

For the error pointed out, the judgment is reversed and the cause remanded.

June 25, 1892.                    Reversed and remanded.